## B. B. BATHING PARK, INC., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25917. Promulgated September 30, 1929.

*John F. Mahoney*, *C. P. A.*, for the petitioner.
*Eugene Meacham*, *Esq.*, and *C. E. Lowery*, *Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner contends that the filing of separate returns by Joseph P. Day, Inc., the parent corporation, was in error; that the filing of such returns did not constitute an election on the part of the corporations to file separate returns, and that the three corporations should now be allowed to file an amended return on the consolidated basis.

Section 240 of the Revenue Act of 1921 provides as follows:

(a) That corporations which are affiliated within the meaning of this section may, for any *taxable* year beginning on or after January 1, 1922, make separate returns, or under regulations prescribed by the Commissioner with the approval of the Secretary make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner. (Italics ours.)

After May 8, 1922, and throughout the periods here involved, Joseph P. Day, Inc., owned all of the stock of the petitioner who in turn owned all of the stock of Brighton Beach Baths, Inc. There is no contention that the corporations were not affiliated within the meaning of the statute, and it therefore is not necessary for us to discuss the question.

Under section 240 affiliated corporations might, for any taxable year beginning on or after January 1, 1922, make their returns on one of two bases. They might make *separate returns* or they might under regulations prescribed by the Commissioner with the approval of the Secretary make a consolidated return of net income.

While Joseph P. Day, Inc., the petitioner, and Brighton Beach Baths, Inc., were affiliated from May 9, 1922, to December 31, 1922, and throughout the year 1923, they were not affiliated for the entire calendar year 1922, the "taxable year" of Joseph P. Day, Inc. This being true, they could make a consolidated return or separate returns for 1922, and whichever basis they used would not constitute an election that would be binding for the year 1923, since 1923 was the first "taxable year" for which an election of basis could be made which would be binding for subsequent years. *St. Louis National Baseball Club*, 15 B. T. A. 1192. Joseph P. Day, Inc., had the right for 1922 to file either a consolidated return or a separate return, and having filed a separate return for 1922, that return was the return required of it by statute, and the statute does not recognize amended returns in order to permit a corporation to file on another basis. The tax is to be computed on the basis of a proper return filed. The statute makes no provisions for amended returns in such cases.

The three corporations were affiliated throughout the whole of 1923 and, as indicated above, they were not bound to report their income for that year upon the same basis used in 1922, since 1923 was the first taxable year in which the affiliation existed under our decision in *St. Louis National Baseball Club*, *supra*, but were free to elect the basis upon which they would make their return of income for 1923. They had their choice, but this did not authorize one of the group to file a separate return and the others a consolidated return. Section 240 permitted each to make a separate return or the group to file a consolidated return. Joseph P. Day, Inc., filed a separate return. Such return when filed constituted the proper return for that corporation for that year and, owning all the stock of the petitioner, which in turn owned the stock of the Brighton Beach Baths, Inc., it had the right to determine and select on which basis the returns should be filed, that is, either a consolidated return or separate returns, not both a consolidated return and separate returns. Since the statute does not permit some of a group of affiliated corporations to

make a separate return and the remainder to make a consolidated return, the consolidated return filed by two of the corporations was not the return required by statute. The group of affiliated corporations did not file a consolidated return.

Since the return filed by Joseph P. Day, Inc., for each of the years was the return required of it by law, *Belvidere Lumber Co.*, 6 B. T. A. 84, we do not think that the three corporations may now file amended returns on the consolidated basis, but that the tax of each corporation should be computed on a separate basis for both 1922 and 1923.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

Murdock concurs in the result.

---

Smith, dissenting: Section 240 (a) of the Revenue Act of 1921 permits corporations which are affiliated to file consolidated returns or separate returns for 1922 at their option. If they filed a consolidated return for 1922 they were thereafter required to file a consolidated return for subsequent years, unless the Commissioner gave them authority to file separate returns. I can see no good reason for denying two affiliated companies out of a group of three or more which filed a consolidated return for 1922, the right to file a consolidated return for subsequent years. In many cases it undoubtedly is true that the officers of a consolidated group of corporations are in doubt as to whether one or more of the group are affiliated corporations within the meaning of section 240 (c). In such cases a consolidated return is filed for such corporations as are clearly affiliated. If they have filed a consolidated return for 1922, and their status is not changed for 1923, what good reason is there for permitting the Commissioner to determine that in 1923 a third corporation was affiliated with the two or more which filed a consolidated return for 1922, and that, since the third corporation was not made a member of the group in 1922, the two corporations unquestionably affiliated in 1923 and which filed a consolidated return for 1923, must file separate returns for 1923? In my opinion the statute was intended to give two or more corporations clearly affiliated the right to file a consolidated return for 1922 and to file consolidated returns for subsequent years, even though there was another corporation which might properly have been included in the affiliated group.

---

Littleton: I concur in the result reached in the prevailing opinion, and in the reasoning on which it is based to the extent that it holds that the action of the parent in filing a separate return is evidence of

an election by the group to file separate returns, but I dissent in so far as the case might be said to hold that the filing of a separate return by *any* member of an affiliated group is conclusive as to the entire group and would require that all members likewise file separate returns. My position is that whether or not an election has been exercised by the group is a question of fact, to be determined from all the surrounding circumstances incident to a particular case, and is not necessarily controlled by the action of a single corporation in filing a separate return. Here, we have the fact that the parent corporation owned all the stock of one subsidiary, which subsidiary in turn owned all the stock of the other member, and that the parent corporation filed a separate return, which action should generally be considered as expressive of the action of the controlling element in such an affiliated group, whereas the other corporations attempted to file a consolidated return. In addition, the Commissioner has found that the corporations elected to file separate returns, which determination is entitled to the weight of *prima facie* correctness. Accordingly, I am of the opinion that the prevailing opinion is correct in holding that the action of the Commissioner should be sustained.