*Decision will be entered under Rule 50.*

BROOKLYN BEADING & NOVELTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22254.   Promulgated December 6, 1929.

*William R. Rust, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

452

OPINION.

PHILLIPS: The controversy between the parties arises out of section 240 (a) of the Revenue Act of 1921 which provides:

SEC. 240. (a) That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

Petitioner contends that it had no free choice when it made its returns for the year 1922, for the reason that it had been consistently barred by the rulings of respondent from filing consolidated returns for previous years; that since it exercised no real option in respect of its returns for 1922, it and the Silk Mills had the right to file and did file consolidated returns for the year 1922; and that if this be not true, then the letter of the Deputy Commissioner of March 7, 1924, which proposed a reversal of his former determinations, was at least a grant by implication of permission to change the basis of its and the Silk Mills' returns. On the other hand, respondent con-

cedes that petitioner and the Silk Mills were affiliated during the years 1922 and 1923 within the meaning of section 240 (c) of the Revenue Act of 1921, but contends that, having filed their returns upon a separate basis for 1922, they can not be permitted to change the basis without the express consent of respondent.

The evidence in the record is quite meager as to the actions of respondent prior to March 15, 1923, when petitioner's return for the year 1922 appears to have been due. The only express denial of petitioner's right to have its income and that of the Silk Mills computed upon an affiliated basis, which appears in the record, is that contained in the letter of June 13, 1923, which was written in reply to a letter from petitioner dated June 1, 1923. Both petitioner's letter and the letter of the Deputy Commissioner appear to have been written subsequent to the date on which petitioner's return for the year 1922 was due and, therefore, petitioner could not have relied upon the letter of June 13, 1923, in making its return for 1922. Petitioner's whole case, as urged in its brief, is based upon the premise that rulings of the Commissioner made prior to the date it filed its 1922 return, were such as to require it to file separate returns for 1922. When it fails to establish any basis in fact for such premise, its case falls. Cf. *Radiant Glass Co.*, 16 B. T. A. 610.

Besides, it appears that the Silk Mills made separate returns for 1922 and, so far as the record discloses, of its own free choice. Such being the case, petitioner was also required to file on the same basis. See *B. B. Bathing Park*, 17 B. T. A. 748.

That respondent on March 7, 1924, proposed to determine that petitioner and the Silk Mills were affiliated for the years 1918 to 1920, inclusive, does not alter the situation. Under section 240 (a) of the Revenue Act of 1918 and section 240 (c) of the Revenue Act of 1921, affiliated corporations were compelled to make consolidated returns for such years, with the result that it was the duty of respondent to consolidate for such years the separate returns of corporations which were in fact affiliated. On the other hand, under section 240 (a) of the Revenue Act of 1921, corporations which were in fact affiliated had the option of making either consolidated or separate returns for any taxable year beginning on or after January 1, 1922. A separate return was a correct and proper return for 1922 when it would not have been for prior years. *Belvidere Lumber Co.*, 6 B. T. A. 84. Under such circumstances the act of respondent in determining that the tax for the years 1918 to 1920 should be computed on a consolidated basis can not be construed into permission for a change in the subsequent years when a separate return was proper.

*Decision will be entered for the respondent.*