APARTMENT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29140, 26571. Promulgated October 11, 1929.

*Theodore B. Benson, Esq.*, for the petitioner.
*H. LeRoy Jones, Esq.*, for the respondent.

PHILLIPS: The Commissioner determined deficiencies of $1,784.08, $668.63, and $1,970.76 to be due from petitioner for the years 1920, 1921, and 1922, respectively, and notified petitioner thereof. Petitioner filed its petition for a redetermination of the deficiencies set out in such notice. This proceeding is designated by Docket No. 26571. The Commissioner also determined a deficiency of $665.54 for 1923, for the redetermination of which petitioner duly filed its petition. That proceeding is known as Docket No. 29140. No error was assigned in the determination of the deficiency for 1920. Three errors assigned with respect to the computation of income for the years 1921 and 1922 have been settled by stipulation of the parties and require no further attention from us in this opinion.

The sole remaining question arises out of the action of the Commissioner in determining that the tax liability of petitioner for

1922 and 1923 should be determined by including the Ashburton Apartment Co. in a group of affiliated corporations of which petitioner was one. The following facts were stipulated:

1. The petitioner is a corporation organized and existing under the laws of the State of Maryland with its principal office at 501 Morris Building, Baltimore, Maryland.

2. The years in controversy are the calendar years 1922 and 1923.

3. During each of the years 1922 and 1923 the petitioner owned substantially all of the stock of the University Homes Company, Consolidated Apartment House Company and the Ashburton Apartment Company; also corporations organized and existing under the laws of the State of Maryland.

4. For each of the years in question a consolidated return was filed on behalf of the petitioner, the University Homes Company and the Consolidated Apartment House Company.

5. A separate return was filed by the Ashburton Apartment Company for each of the years in question.

The applicable provision of the Revenue Act of 1921 reads:

Sec. 240. (a) That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

The Commissioner contends that corporations which are affiliated may file for 1922 either separate returns or a consolidated return, but that some of the affiliated corporations may not file a consolidated return while others file separate returns. Petitioner contends that each corporation may elect whether it will file a separate return. We are of the opinion that both positions are well taken. Each corporation is a taxable entity under the law. *Alabama By-Products Corporation et al.*, 16 B. T. A. 1073. The normal method is to lay a tax upon the income of each. Sections 230 and 239, Revenue Act of 1921. Provision for consolidating the income and capital of several corporations to determine the tax of each was an abnormal condition devised for use during the period of the excess-profits tax. With the repeal of that tax at the close of 1921, the statute made consolidated returns by affiliated corporations optional and not mandatory. There was restored to each corporation the right to have its tax computed upon its income without regard to the income, losses, or tax of those corporations with which it was affiliated. It follows that any corporation might, for 1922, file a separate return.

It does not follow, however, that if one corporation of an affiliated group elects to file a separate return, the remaining corporations may file a consolidated return of their income. Such a return is

not a consolidated return of net income of the affiliated corporations, for a part of the whole is missing. The consolidated return is to be that of the affiliated corporations, not merely of some of them. Affiliated corporations may file separate returns or one return for all; there exists in the statute no right to combine these two methods of returning income.

It is pertinent to note that this interpretation is in accord with the regulations issued by the Commissioner with the approval of the Secretary. Article 632, Regulations 62. Such regulations are not only authorized by this section of the law but, after their promulgation, the language of the statute under consideration was reenacted in the Revenue Act of 1924. If there be doubt as to the proper interpretation of the statute, consideration must be given to such regulations. *Old Colony Trust Co.* v. *Blair*, 279 U. S. 716.

We conclude that either separate returns or a consolidated return may be filed by affiliated corporations. We also conclude that any one of the affiliated corporations may elect to file a separate return. It can not be deprived of this privilege by any one or more of the corporations with which it is affiliated. It follows that if any one of the affiliated corporations insists upon its right to file a separate return, no consolidated return can be filed for the affiliated group; it is only where all of the affiliated corporations join in the filing of a consolidated return for 1922 that such a return can be said to have been filed.

For 1922 and 1923, the Ashburton Apartment Corporation filed separate returns. There is nothing to indicate that this was due to inadvertence or to any doubt that it was affiliated with petitioner and entitled to join in filing a consolidated return. The statute gives it the right to make its election. The Commissioner was in error in adding the income of that corporation to the income of the petitioner.

No error is assigned by either party by reason of the consolidation of the income of University Homes Co. and Consolidated Apartment House Corporation with that of the petitioner; wherefore we refrain from passing upon the propriety of such action.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

SMITH, GREEN, and LOVE dissent.

———

LITTLETON, dissenting: I agree with the proposition that under the provisions of section 240 (a) of the Revenue Act of 1921, either a (one) consolidated return must be filed for all of the affiliated corporations or a separate return must be filed by each of the affiliated

corporations, but I do not agree with the proposition that the election or insistence by one corporation that it should file a separate return can be taken as controlling for the entire group. The majority opinion seems to proceed upon the theory that with the enactment of the Revenue Act of 1921 there was given to each affiliated corporation the right to determine for itself whether it shall have its tax determined on the basis of a separate return, whereas it is my conception that what occurred was that there was given to the group the right to exercise an election as to whether a consolidated return should be filed which would include all members of the group, or a separate return should be filed for each member of the affiliated group. To follow the majority opinion is equivalent to saying that the independent exercise of the election by one corporation takes away from the other corporations any right of independent action and requires that these other corporations follow the elected act of the one corporation. Of course, I can see that, where there is common control for all the corporations or where one corporation owns all of the stock of one or more corporations, the act of one corporation, in a sense, expresses the will of the controlling element in the group, since the one corporation could not take any action as against the opposition of the controlling element for the entire group, but if this is the true theory on which the case proceeds, I do not see why we should not decide it on the basis of the election by the controlling element in the group, instead of saying that each corporation has a right of election and that when one corporation elects to file a separate return all others must do likewise, regardless of their wishes in the matter. I can not see that the act of a single subsidiary corporation in filing a separate return is conclusive as evidence of an election by the controlling element that all members of the group should file separate returns.

As to what constitutes evidence of the real election by the group, this would seem to be a question of fact which would be determinable on the basis of the peculiar circumstances of each case. For example, in a so-called class A affiliation the election by the parent corporation to file a separate return would seem generally to be expressive of the will of the controlling element, and there could be no complaint because the other corporations were required to file the same kind of a return, whereas in a situation often referred to as a class B affiliation, the action of a majority of the corporations in the group might be determinative, though this would not necessarily be conclusive where the corporations vary in size and relative importance. The effect of the majority opinion is to say that even in a large group of affiliated corporations, say several hundred, where one relatively insignificant member of the group filed a separate return and all of the other members were included in a consolidated return,

the action of the one corporation will be controlling as to the election by the group and thus require separate returns for each of the several hundred members. Of course, the consolidated return of all except one member of the group is not *a* consolidated return of *all* members of the group, but much less so do I think that the act of one in electing to file a separate return is to be considered the act of all in electing to file separate returns. The exclusion of one company from, and inclusion of all other companies in, the consolidated return might have been intentional in the sense that returns were filed in this manner when the corporations were properly affiliated, but where the corporations were in error in considering that a consolidated return could be filed for some of the corporations and a separate return for one corporation, or again it might have been unintentional in the sense that there was an erroneous interpretation of the statute or application of the facts thereto in considering that the excluded corporation was not affiliated and consequently a separate return was filed therefor; and yet it would seem that under the majority opinion the action of the one affiliated corporation in filing a separate return would require that all file separate returns, regardless of the circumstances under which the separate return was made.

I think such a construction of the statute will necessarily lead to harsh and unjustifiable results which are contrary to the spirit of the statute as well as uncalled for in its logical interpretation. We are here concerned with a statute relating to affiliated corporations, a statute which often may require (as we have stated on many occasions) that the generally recognized principle of corporate identity be overridden for the purpose of reaching the correct conclusion as to the new tax status thus created. And when I come to determine what election has been exercised by this affiliated group, occupying a separate tax status, with respect to the filing of separate or consolidated returns, I do not think that the action of one member is necessarily conclusive as to the action of all members of the group.

On the basis of the foregoing, I dissent from the result reached in the majority opinion as well as the basis on which this was reached. We have here a situation in which the parent corporation and two of its subsidiaries filed a consolidated return and the other subsidiary filed a separate return. The Commissioner determined that the affiliated group had exercised an election to file on a consolidated basis and, accordingly, included the income of the one corporation, along with that of the corporations, in the consolidated return. No other facts are before us as to the exercise of the election. I fail to see wherein we are justified in reversing the Commissioner's action.