SOUTHERN POWER CO. ET AL., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28561.   Promulgated October 16, 1929.

*H. H. Shelton, Esq.*, for the petitioner.
*E. C. Lake, Esq.*, for the respondent.

OPINION.

Phillips: It appears that during the years 1922 and 1923 the Wateree Electric Co. owned substantially all of the capital stock of Southern Power Co., which in turn owned all of the capital stock of

the Catawba Manufacturing & Electric Power Co. The Wateree Electric Co. filed a separate return of its income for those years, while the petitioners filed a consolidated return of their income. The Commissioner determined that the three corporations were affiliated and this determination is not questioned. The Commissioner further determined that since one of the affiliated corporations had filed a separate return, separate returns must be filed on behalf of all of those corporations and that a consolidated return on behalf of two of three affiliated corporations did not comply with the provisions of sections 239 and 240 of the Revenue Act of 1921. Petitioners, on the other hand, contend that where three or more corporations are affiliated, some of them may file separate returns and others may file consolidated returns. We have heretofore had occasion to examine this question in *B. B. Bathing Park, Inc.*, 17 B. T. A. 748; and *Apartment Corporation*, 17 B. T. A. 876. There we reached the conclusion that under the provisions of sections 239 and 240 of the Revenue Act of 1921 a consolidated return must include the income of all affiliated corporations and that if one or more of such corporations elects to file a separate return, there being no question whether or not it is properly a member of the affiliation, the remaining corporations may not file a consolidated return of their income but must file separate returns. Upon authority of those decisions the action of the Commissioner in separately computing the income of the two petitioners is approved.

The alternative contention of the petitioner, Southern Power Co , is that the interest which accrued to it during the taxable years upon its advances to Catawba Manufacturing & Electric Power Co. and which was paid to it during those years is not to be included as income; that the payment was nothing more than a bookkeeping transaction. It seems clear that the interest was paid to Southern Power Co. out of amounts advanced by that company to its subsidiary and to that extent the payment may be said to have been a mere bookkeeping transaction, the taking of something out of one pocket and placing it in another. This, however, is not decisive of the question before us. The Southern Power Co. was engaged in the business of developing, distributing, and selling hydroelectric power. While there is no evidence upon that point, its accounts must be kept upon an accrual basis if they are to accurately reflect its income. The Catawba Manufacturing & Electric Power Co. owned a power site which the Southern Power Co. determined to develop and which unquestionably had a substantial value. The Southern Power Co. advanced money to its subsidiary to develop this site and to erect a power plant. The money advanced bore interest at 6 per cent. The obligation of the subsidiary was to pay to the Southern

Power Co. the amounts advanced and interest thereon at the rate of 6 per cent per annum. There is nothing to indicate that collection of the amounts so advanced and the interest thereon was at all doubtful. The interest appears to have been as much an asset of the Southern Power Co. as the principal of the loan. Under sections 212 and 213 of the Revenue Act of 1921 such interest became income to the Southern Power Co. whether or not paid to it in those years.

We may therefore disregard the payment and the fact that payment was made out of the funds loaned by the Southern Power Co. It is also immaterial that the income of the debtor was insufficient to pay the interest. The interest accrued to the Southern Power Co. during the taxable year in the same manner as would any other interest on money loaned and is to be included as a part of its income, in the absence of a showing that its ultimate collection was extremely doubtful. *Great Northern Railway Co.*, 8 B. T. A. 225. The action of the Commissioner in computing the income of Southern Power Co. by including the interest which accrued to that company during the taxable years is approved.

Reviewed by the Board.

*Decision will be entered for the respondent.*

SMITH dissents.

LOVE, dissenting: This case is decided on the authority of the two cases cited in the prevailing opinion, viz, *B. B. Bathing Park, Inc.*, 17 B. T. A. 748, and *Apartment Corporation*, 17 B. T. A. 876. Those two cases are applicable and under ordinary circumstances I would feel myself bound by the decisions of the Board in those cases. However, I voted against the decisions in those two cases, had my negative vote recorded, and reserved the right to set out in detail, in the Southern Power Co. case, the grounds upon which I based my objections in all three cases.

The applicable part of section 239 of the Revenue Act of 1921 prescribes " That every corporation subject to taxation under this title, and every personal service corporation shall make a return stating specifically the items of its gross income and the deductions and credits allowed by this title."

Section 240 of the same Act prescribes " That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns, or under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of *net* income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If

return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner."

In this case it seems not to be controverted that for the years 1922 and 1923 the Wateree Electric Co., owning nearly all the stock of the Southern Power Co., was affiliated with that company and, hence, those two companies had the statutory right to make consolidated return. However, the Wateree Electric Co. elected to make separate returns. The Southern Power Co. owned all the stock of the Catawba Manufacturing & Electric Power Co. and, hence, those two companies (eliminating for the moment the presence of the Wateree Company) had the statutory right to make either separate returns or a consolidated return. The Commissioner contends that, if one of a group of three or more corporations elects to make a separate return, all the group shall, each, make a separate return. I am unable to find any statutory authority for such a holding. The manner of making returns has been prescribed by Congress and, hence, it is strictly a statutory procedure and no court or administrative body may add to or take from the rights and duties so prescribed by Congress. The statute nowhere indicates that any one of a group of corporations shall exercise the right of election for all in the group. No such word as "parent corporation" or the "controlling corporation" is found in the statute. It is true that in defining affiliated corporations, the statute prescribes that two or more corporations shall be deemed to be affiliated (1) if *one* corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other, or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

In this case it is certain that no *one* corporation owned practically all the stock of the other two corporations. The Wateree Company owned the stock of the Southern Power Co., and the Southern Power Co. owned the stock of the Catawba Manufacturing & Electric Power Co. The Wateree Co. owned none of the stock of the Catawba Manufacturing & Electric Power Co. Did the Wateree Co. control the stock of the Catawba Co.? There is no evidence in the record that it did; only through its control of the stock of the Southern Power Co. It may be conceded that the inference that it did control that stock is well grounded, but such does not follow by operation of law; neither is it a conclusive presumption.

But we may waive the question of whether or not all three of the corporations were affiliated, as that question was not controverted, but the question still remains whether or not, if one of a group of three or more corporations elects to make a separate return, all

the group must make separate returns. If that question be answered in the affirmative, as it was answered by the Commissioner and as it is answered in the prevailing opinion, then which corporation is authorized to make the election? It has been argued that as the " parent company " elects, all the group must act. As has been pointed out, the statute does not classify the members of an affiliated group of corporations as " parent " and " children," or by any other names, and does not prescribe that in making such election, that any one shall dominate.

The statute prescribes that each and every corporation shall make a return, that is, the statute not only gives it the right to make a return for itself, but prescribes that it shall do so. After that is done, the statute prescribes that affiliated corporations *may* make a consolidated return of *net* income. The making of a consolidated return of net income is optional. The corporations may make it, or they may rest on their individual returns.

Authority for a holding that because one member of a group of affiliated corporations chooses to make a separate return, the other members who are undeniably affiliated as among themselves, shall make, against their will, separate returns, in my judgment requires something to be read into the statute that is not contained in the plain English of the words used. I am not willing to assume such a responsibility.