Bowie Lumber Co., Ltd., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 36989. Promulgated July 28, 1930.

*Lawrence A. Baker, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

344

OPINION.

LOVE: The sole question before us is whether the respondent erred in refusing to determine the income-tax liability of petitioner upon the basis of a consolidated return of petitioner and the Bowie Oil & Gas Co.

Petitioner contends that it owned or controlled substantially all the stock of the Bowie Oil & Gas Co. from the time the latter was organized throughout the year 1923, and that in accordance with our decision in *St. Louis National Baseball Club*, 15 B. T. A. 1192, its income-tax liability for the year 1923 should be determined upon the basis of the consolidated return filed by it and the Bowie Oil & Gas Co. for that year.

The respondent concedes in his brief that petitioner owned or controlled substantially all the stock of the Bowie Oil & Gas Co., and, with this concession, petitioner's contention would be granted were it not for the fact that petitioner was also affiliated with the Iberia Cypress Co., Ltd., during the years 1922 and 1923, as will later appear.

But petitioner further contends that the question as to whether it and the Iberia Cypress Co. were affiliated during the years 1922 and 1923, is not at issue in this proceeding, and that if at issue, we should decide, as a proposition of law, that it was not so affiliated. At the hearing, after both parties had stipulated that the stock ownership of the Bowie Lumber Co., Ltd., Bowie Oil & Gas Co., and Iberia Cypress Co., Ltd., was as we have found in our findings, counsel for petitioner moved that, due to the failure of respondent to amend his answer and affirmatively allege that petitioner was affiliated with the Iberia Cypress Co., Ltd., during the years 1922 and 1923, any evidence subsequently submitted relating to the Iberia Cypress Co., Ltd., should be stricken from the record. The respondent in a statement attached to his deficiency letter said:

Inasmuch as your corporation, the Bowie Oil & Gas Company and the Iberia Cypress Company for the taxable year 1922 elected to file separate returns, the provisions of Section 240 (a) of the Revenue Act of 1921 precludes your consolidation for the taxable year 1923.

It is well settled that respondent's determination of a deficiency is *prima facie* correct and the burden of disproving it is upon the petitioner. *Avery v. Commissioner*, 22 Fed. (2d) 6; *Andrew B. C. Dohr-*

*mann*, 19 B. T. A. 507. In view of respondent's statement in his deficiency letter, the rule of law enunciated in *Avery* v. *Commissioner, supra*, and the fact that both parties, prior to the motion in question, had stipulated the stock ownership of all three companies, the petitioner's motion to strike from the record all evidence pertaining to the Iberia Cypress Co., Ltd., introduced subsequent to the stipulation, is denied. Was petitioner also affiliated with the Iberia Cypress Co., Ltd.? Section 240 (c) of the Revenue Act of 1921 provides in part that:

For the purpose of this section two or more domestic corporations shall be deemed affiliated * * * if substantially all the stock of two or more corporations is owned or controlled by the same interests.

In the instant case *all* of the stock of both petitioner and the Iberia Cypress Co., Ltd., was owned by the same interests, namely, the Downmann family. The reason advanced by petitioner as to why it was not affiliated with the Iberia Cypress Co., Ltd., is that the latter company did practically no business during the years in question. But the statute does not make this fact one of the tests for affiliation. See *Sweets Co. of America, Inc.*, 12 B. T. A. 1285, 1292. We hold that the two companies were affiliated within the meaning of the statute during the years 1922 and 1923.

Since petitioner and the Iberia Cypress Co., Ltd., were affiliated throughout the years 1922 and 1923, and all three companies were affiliated from August 11, 1922, and separate returns were filed by all of the companies for 1922, the case comes squarely within our decision in *Imperial Insurance Co. et al.*, 19 B. T. A. 1068. It follows that respondent's determination should be approved.

*Judgment will be entered for the respondent.*