FONTANA UNION WATER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34518. Promulgated November 30, 1931.

*Daniel E. Farr, Esq.,* for the petitioner.
*Alva C. Baird, Esq.,* for the respondent.

### OPINION.

VAN FOSSAN: On December 9, 1930, pursuant to hearing, a report was promulgated in this case. Thereafter, on January 15, 1931, an order was entered granting respondent's motion for rehearing and restoring the case to the Circuit Calendar for rehearing.

The proceeding duly came on for rehearing, at which time respondent filed an amended answer and petitioner entered a general denial of affirmative allegations contained therein. The case was again submitted on the stipulation of facts with exhibits submitted at the original hearing and the pleadings as amended.

The stipulation of facts is as follows:

Fontana Farms Company, a domestic corporation, as parent company filed with the Collector of Internal Revenue for its District at Los Angeles, California, a corporation income tax return for the calendar year 1922, which return was a consolidated return and included therein the returns for the same period of the following domestic corporations, namely:

Fontana Farms Company
Fontana Land Company
Fontana Union Water Company
Fontana Power Company
Fontana Citrus Association
Linden Mutual Water Company

Fontana Farms Company during all the calendar year 1922, owned directly or controlled through closely affiliated interests substantially all of the stock of the Fontana Union Water Company.

The Fontana Farms Company owned directly during the period from January 1st to November 17, 1922, both dates inclusive, all of the outstanding capital stock of the Rialto Domestic Water Company, a domestic corporation; the said Rialto Domestic Water Company filed with the Collector of Internal Revenue for its District at Los Angeles, California, an income tax return for the calendar year 1922. The return is the only return filed by the said Rialto Domestic Water Company for the year 1922, or any part of said year, and shows all the income derived during the calendar year 1922 by the said Rialto Domestic Water Company, and all expenses incurred during the said year 1922.

The Orchard Mutual Water Company, a domestic corporation, had issued and outstanding Eight Hundred Fifty (850) shares of capital stock during the period from January 1, 1922, to February 2, 1922, and Eight Hundred Seventy-eight and One-half (878½) shares from February 2, 1922, to December 31, 1922; the Fontana Farms Company owned Seven Hundred Seventy-two (772) shares of the outstanding capital stock of the Orchard Mutual Water Company, or 90.9% of the total issued and outstanding stock, from January 1, 1922, to February 1, 1922, and Seven Hundred Eighteen (718) shares or 84.5% from February 1st to February 2, 1922, and Seven Hundred Twenty-three (723) shares or 82.3% from February 2, 1922 to December 31, 1922. The said Orchard Mutual Water Company filed with the Collector of Internal Revenue for its District at Los Angeles, California, an income tax return for the calendar year 1922. The return is the only return filed by the Orchard Mutual Water Company for the year 1922.

The notice of deficiency fixed the deficiency in taxes for the year 1922 in the amount of $1,614.89, and was predicated on a holding that petitioner was not affiliated with Fontana Farms Company for that year. Respondent now concedes that the basis so assigned was erroneous, but having amended his answer, contends that the deficiency must be sustained because two other companies alleged to be affiliated with Fontana Farms Company filed separate returns and consequently the income of each of the eight affiliated companies, those included in the consolidated return as well as the two who filed separate returns, must be determined as though not affiliated. Petitioner contends that the two companies which filed separate returns were not affiliated for the taxable year, this contention being based on the fact that the affiliation existed during part only of the year 1922. Petitioner cites in support *St. Louis National Base Ball Club*, 15 B. T. A. 1192; and *B. B. Bathing Park, Inc.*, 17 B. T. A. 748.

The holding of the Board in the *St. Louis* case was reversed by the Circuit Court of Appeals, 42 Fed. (2d) 984, the court there holding, following *Fidelity National Bank & Trust Co.* v. *Commissioner*, 39 Fed. (2d) 58, that a taxable year is divisible as far as making returns is concerned, where corporations are affiliated for only a portion of the year. Petition for certiorari in that case was denied by the Supreme Court, 282 U. S. 883.

The decision of the Board in *B. B. Bathing Park, Inc.*, *supra*, on the same point was based on our decision in the *St. Louis* case and rendered prior to the reversal of that case. Neither case, therefore, now stands as an authority on this issue, and petitioner's contention can not be sustained. See also *A. S. Siracusa Sons, Inc.*, 23 B. T. A. 53.

It appears from the stipulated facts that Fontana Farms Company owned directly during the period January 1 to November 17, 1922, all of the outstanding capital stock of the Rialto Domestic Water Company. The fact of affiliation for the period stated is

thus conclusively established. Fontana Farms Company filed what was denominated a consolidated return for the calendar year 1922, on behalf of itself and five other companies, not including the Rialto Company. The Rialto Company filed a separate return of its income and expenses for the calendar year 1922.

In *Apartment Corporation*, 17 B. T. A. 876, we held that where, for the year 1922, one corporation, a member of an affiliated group, files a separate return the remaining corporations may not file a consolidated return of their income, but must file separate returns. The consolidated return must be that of the entire affiliated group, not merely of part of them.

The action of the Rialto Company in filing a separate return conclusively answers the claim of the petitioner that the tax of all of the members of the affiliated group should be determined on the basis of one consolidated return, and it is unnecessary to determine whether, on the facts stipulated, the Orchard Mutual Water Company was affiliated with Fontana Farms Company. If it were affiliated, the filing by it also of a separate return would merely add weight against petitioner's contention. If it were not affiliated, this fact would not lead us to a conclusion different from that announced above. The action of the Rialto Company in filing a separate return was sufficient to require the denial of petitioner's claim.

*Decision will be entered for the respondent.*