THE CAREY SALT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EMERSON CAREY FIBRE PRODUCTS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36381, 36382. Promulgated July 19, 1932.

*Earl W. Shinn, Esq.*, for the petitioners.
*Eugene Meacham, Esq.*, and *Charles Lowery, Esq.*, for the respondent.

### OPINION.

GOODRICH: In these proceedings, which were consolidated for hearing, we are asked to redetermine deficiencies asserted by respondent against the Emerson Carey Fibre Products Company for the years 1923 and 1925 in the amounts of $13,594.35 and $12,721.22, respectively, and against the Carey Salt Company for the years 1923 and 1924 in the amounts of $3,685.23 and $76.35, respectively. At the hearing allegations of error relating to depletion and depreciation were waived, leaving, as the sole issue for our determination, whether respondent erred in disallowing as a deduction from income for the year 1923 a loss sustained upon the liquidation of the Gazette Printing Company, a corporation.

Depositions on behalf of petitioners, together with certain exhibits, were lodged with the clerk on September 23, 1929, but, since they were not offered and received in evidence, we will not consider them in determining the issue before us. Attention is directed to Rules 29 and 46 of the Board's rules of practice. See also *Hotel Plaza Co.*, 25 B. T. A. 95.

The following stipulation of facts was agreed to upon the record:

At all times herein referred to the above-named petitioners were Kansas corporations, with principal place of business at Hutchinson, Kansas. The entire capital stock of the petitioners was owned by members of the Carey family, and for the year 1917 and years subsequent thereto, including the taxable year herein involved, the said companies were affiliated as a Class B affiliation, and as such filed for each of the years named, a consolidated return. The deficiency proposed by the respondent for the calendar year 1923 was allocated to the respective corporations in accordance with the provision of Section 240 (b) of the Revenue Act of 1921.

In the latter part of the year 1916 the members of the Carey family caused to be organized under and by virtue of the laws of the State of Kansas, the corporation known as the Gazette Printing Company, and assigned to said company in exchange for its entire capital stock, the assets of a job printing company formerly known as the Mid-West Printing Company which had been acquired by the Carey family by assignment in lieu of foreclosure proceedings under the terms of a mortgage held by said family on said assets. The total cost of the stock of the Gazette Printing Company at the time acquired by the Carey family was $18,766.50, and was carried at that figure on the books of the Carey Salt Company.

For the year 1918 and subsequent years, including the taxable year herein involved, the Gazette Printing Company was affiliated with the petitioners, and for each of said years filed a consolidated return with the petitioners.

During all of the years herein referred to the Gazette Printing Company conducted a job printing business in the City of Hutchinson, Kansas. For each year the operations of the company resulted in a net loss as follows:

| | |
|---|---|
| 1917 | $5, 917. 38 |
| 1918 | 4, 969. 81 |
| 1919 | 8, 089. 36 |
| 1920 | 12, 513. 40 |
| 1921 | 39, 138. 86 |
| 1922 | 50, 767. 17 |
| 1923 | 17, 416. 90 |

The loss for each year of affiliation was reflected in the consolidated balance sheet of the affiliated group, and taken as a deduction in arriving at the taxable income of the consolidated group for each year.

From time to time during the period of the operation of the Gazette Printing Company, the Carey Salt Company, one of the members of the affiliated group, loaned to said Gazette Printing Company a total sum of $87,192.43 for which promissory notes of the latter company were received by the Carey Salt Company.

During the same period of operation the Carey Salt Company advanced to the Gazette Printing Company the sum of $65,488.02 on open account which was carried on the books of the Carey Salt Company as an ordinary account receivable, of and from the Gazette Printing Company.

In the year 1923 the Gazette Printing Company was liquidated, and the assets received by the Carey interests, by reason thereof, were sold in that year to one Ross Burns for $25,000.00, paid as follows: $6,500.00 in cash and a promissory note for $18,500.00.

The cost of the assets as of the date of sale in 1923 was $54,474.67.

On March 26, 1925, the stock of the Gazette Printing Company was cancelled and its charter forfeited.

In closing the books of the Carey Salt Company for the year 1923 the sum of $87,192.43, representing loans, and the sum of $65,488.02, representing advances, made by the Carey Salt Company to the Gazette Printing Company were charged off on the books of the Carey Salt Company as a bad debt.

Respondent disallowed as a deduction from income for the year 1923 the amounts totaling $152,680.45, previously advanced by the petitioner, Carey Salt Company, to the Gazette Printing Company upon notes and open account, and charged off as worthless upon the liquidation of the Gazette Company. Since the answer filed by respondent in the case is but a general denial, and his counsel have not favored us with a brief setting forth his theory of the case, the only intimation we have of his reason for his action is contained in a statement in the deficiency notice to the effect that he regards this item as an intercompany transaction in connection with the liquidation of a subsidiary company and therefore not allowable as a deduction.

We think the petitioner, Carey Salt Company, sustained a deductible loss. Upon liquidation of the Gazette Printing Company the affiliation previously existing between it and petitioners was terminated. The Carey Salt Company's claims were then determined to be worthless, its losses upon these debts were sustained, and, having

been charged off, may be deducted; since, resulting from the liquidation, they occurred outside the period of affiliation and were not sustained in an intercompany transaction. *Aluminum Goods Manufacturing Co.*, 22 B. T. A. 1; reversed, 56 Fed. (2d) 568; *Remington Rand, Inc.*, 11 B. T. A. 773; reversed, 33 Fed. (2d) 77; certiorari denied, 280 U. S. 591; *United Publishers Corporation* v. *Anderson*, 42 Fed. (2d) 787; *American Printing Co.* v. *United States*, 53 Fed. (2d) 98; *Riggs National Bank*, 17 B. T. A. 615; affd., 57 Fed. (2d) 980; *Universal Corporation*, 18 B. T. A. 319; *Obenchain-Boyer Co.*, 18 B. T. A. 293; *Manatee Crate Co.*, 22 B. T. A. 996; *Canal-Commercial Trust & Savings Bank*, 22 B. T. A. 541; *Roy & Titcomb, Inc.*, 23 B. T. A. 12.

Upon brief petitioners argue that the claimed loss should be further increased by the amount of $29,474.67, being the difference between $54,474.67, the cost of the assets of Gazette Printing Company, and $25,000, the sales price thereof, and by the amount of $18,766.50, the cost of the stock of the company, thus treating the total loss from the several sources as one sustained upon liquidation. Without passing upon the merits of the first claim, we here deny it for the reason that it is not shown that either of these petitioners made the investment, took over the assets, made sale thereof and sustained the loss claimed to have resulted from the sale. The stipulated facts recite that these assets were assigned to the company by "members of the Carey family"; that, upon liquidation of the company, the assets were received "by the Carey interests"; and that they "were sold in that year." Could this difference be held to be a deductible loss, we are not justified in allowing it to either of these petitioners, except upon a clear showing that it was sustained by them, or one of them. Such a showing is not made by this statement of facts, nor by the pleadings. The claim for a loss upon the stock of the Gazette Printing Company must fail for the same reason. The stipulation clearly shows that this stock was acquired in the first instance by "members of the Carey family," and it does not appear that either of these petitioners ever became the owner thereof. Therefore, neither of them is entitled to a loss sustained as a stockholder of the Gazette Printing Company upon its liquidation, the only loss allowable being that sustained by the Carey Salt Company upon debts ascertained to be worthless and charged off as above set out.

However, the assets of the Gazette Printing Company, at the time of liquidation, were charged with its liabilities. It does not appear that there were any creditors other than the petitioner, Carey Salt Company. Therefore, in determining the deductible loss sustained by the Carey Salt Company, there must be credited against the amount of the loans and advances ascertained to be worthless the $25,000 realized from the sale of assets received by the Carey interests

upon liquidation of the Gazette Printing Company, since we must assume that the Carey Salt Company, the sole creditor, did not fail to collect for itself or its own credit the receipts from that sale. With this reduction, we determine the loss allowable to be $127,680.45.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*