ALBERT LEON & SON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53440. Promulgated October 31, 1933.

*Samuel Klein*, Esq., for the petitioner.
*John D. Kiley*, Esq., for the respondent.

254

OPINION.

GOODRICH: It is agreed that during 1926 and 1927 all the stock of Albert Leon & Son, Inc., Perth Amboy, and Albert Leon & Son, Plainfield, New Jersey, was owned by the same interests. Therefore, these two corporations were affiliated within the meaning of section 240 of the Revenue Act of 1926, but they elected to file separate returns for 1926 and 1927. They were included in the new affiliated group formed in 1928. Respondent maintains that they had no election to file a consolidated return for 1928, under section 142 of the Revenue Act of 1928, and could not do so without first obtaining from him permission to change the basis. It is admitted that such permission was neither requested nor granted.

The applicable statute, section 142 (a) of the Revenue Act of 1928,[1] has provided a limitation on the right of election for 1928 where an affiliation existed and an election was made in the prior year. Under earlier revenue acts (in which the applicable sections of the statute are practically identical with the one before us) it has been held that where an election has been made and separate returns filed by affiliated corporations, the addition to the affiliated group of one or more corporations in a succeeding year does not entitle the several companies to make a new election to file a consolidated return without the consent of the Commissioner. *Bowie Lumber Co.*,

---

[1](a) *Consolidated returns permitted.*—Corporations which are affiliated within the meaning of this section may, for the taxable year 1928, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return for the taxable year 1927 was made upon either of such bases, return for the taxable year 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

*Ltd.*, 20 B.T.A. 342; *B. Mifflin Hood Brick Co.*, 19 B.T.A. 785; *Imperial Assurance Co.*, 19 B.T.A. 1068; *Swift & Co.* v. *United States*, 38 Fed. (2d) 365. And in those cases where affiliation existed during the prior year and a consolidated return had been filed, the corporations thereafter coming into the group had no right of election to file a separate return because it was required that a consolidated return include the entire group. *Southern Power Co.*, 17 B.T.A. 962; affd., *Duke Power Co.* v. *Commissioner*, 44 Fed. (2d) 543; certiorari denied, 282 U.S. 903; *Park Avenue Corp.*, 20 B.T.A. 288; *Fontana Union Water Co.*, 24 B.T.A. 1045. Seemingly, the 1928 Act, together with Regulations 74, article 731 et seq., promulgated thereunder, requires no change in the rules laid by these decisions with respect to returns of affiliated corporations for the taxable year 1928, but, as we see it, we have in the case at bar not the addition of new members to a continuing affiliated group, but a dissolution of the group previously existing and the creation of a new group.

During 1927 all the stock of the Perth Amboy and Plainfield companies was owned by Albert and Marcus Leon, and these two corporations were affiliated. Under the agreement of December 30, 1927, the Leons disposed of about 22 percent of their stock in Perth Amboy and their entire holdings in Plainfield. The disposal of this stock terminated the affiliation which had resulted from its ownership. *Remington-Rand, Inc.* v. *Commissioner*, 33 Fed. (2d) 77; certiorari denied, 280 U.S. 591; *Obenchain-Boyer Co.*, 18 B.T.A. 293. Cf. *Carey Salt Co.*, 26 B.T.A. 675; *Aluminum Goods Mfg. Co.* v. *Commissioner*, 56 Fed. (2d) 568; affd., *Burnet* v. *Aluminum Goods Mfg. Co.*, 287 U.S. 544; *American Printing Co.* v. *United States*, 53 Fed. (2d) 98; *Riggs Nat. Bank*, 17 B.T.A. 615; affd., 57 Fed. (2d) 980.

After the execution of the agreement as of January 1, 1928, the Perth Amboy Co., the petitioner here, owned all the stock of Albert Leon & Son companies of Plainfield, New Brunswick, and Elizabeth, and of the Green Furniture Co. and Regina Realty Co. Thus a new group was formed. Upon the incorporation of the Bound Brook company, in March 1928, petitioner acquired more than 95 percent of its stock and thus it became affiliated with the group. All these subsidiaries were thereafter managed and controlled by petitioner, the parent corporation, and the affiliation continued throughout the taxable year 1928. But it was not the same affiliated group which existed in 1927; that affiliation had been dissolved. The new group was comprised of seven corporations and was a distinctly different unit, affiliated through petitioner's ownership of more than 95 percent of the stock of the six subsidiaries.

For that reason, we are of opinion that the corporations comprising the affiliated group in 1928 were not bound by the election made by the 1927 affiliated group, but that they themselves had an election and might file a consolidated return for 1928 without the consent of the Commissioner. Cf. *Stonega Coal & Coke Co.* v. *Commissioner*, 57 Fed (2d) 1030; *Marvel Equipment Co.*, 67 Fed. (2d) 354, reversing 26 B.T.A. 515.

The remaining question is whether net losses sustained by the Plainfield and Elizabeth companies in 1926 and 1927 may be deducted from consolidated net income in 1928.

Net losses are personal to the taxpayer and may be applied only against net income of the taxpayer in a succeeding taxable year. *Sweets Co. of America* v. *Commissioner*, 40 Fed. (2d) 436; *Bowman Hotel Corp.*, 24 B.T.A. 1193.

It follows that the application of the net loss of Albert Leon & Son, Plainfield, New Jersey, is limited to the net income of that corporation in the taxable year 1928, which is in the amount of $2,522.94. Albert Leon & Son, Elizabeth, New Jersey, had no net income in 1928 against which its net loss may be applied. Cf. *Burnet* v. *Moore Cotton Mills Co.*, 49 Fed. (2d) 59; *Woolford Realty Co.* v. *Rose*, 286 U.S. 319; *Planters Cotton Oil Co.* v. *Hopkins*, 286 U.S. 332; *Delaware & Hudson Co.*, 26 B.T.A. 520; *Riley Stoker Corp.*, 26 B.T.A. 749.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*